OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Term should be affirmed.
 

 The issue is whether harassment in the second degree is a lesser included offense of menacing in the second degree. We conclude that it is not.
 

 On the morning of June 13,1997, a mental health caseworker in the course of his duties visited the home of defendant. The defendant opened the door, holding an aluminum baseball bat. He cursed and swung the bat, missing the caseworker who ducked. The caseworker wrestled the bat away from defendant and notified his supervisor, who called the police. Defendant was arrested, charged with menacing in the second degree (Penal Law § 120.14) and tried on an information. During the pre-charge conference, defense counsel requested a charge on harassment in the second degree as a lesser included offense of menacing in the second degree. District Court denied the request. Defendant was found guilty of menacing in the second degree. Appellate Term affirmed, and a Judge of this Court granted defendant leave to appeal.
 

 Criminal conduct constitutes a lesser included offense when “it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree” (CPL 1.20 [37]).° Defendants are entitled to such a jury charge only if the offense they desire to have charged is a lesser included offense and a reasonable view of the evidence supports the defendants’ guilt of the lesser offense, but not of the greater
 
 (People v Glover,
 
 57 NY2d 61, 63). Criminal Procedure Law § 360.50 (2) governs trial on an information and authorizes a court, in its discretion, to submit to a jury a lesser included offense
 
 (see, People v Hoag,
 
 51 NY2d 632).
 

 Penal Law § 120.14 (1) defines menacing in the second degree as occurring when a party “intentionally places or attempts to place another person in reasonable fear of physical injury, seri
 
 *772
 
 ous physical injury or death by displaying a deadly weapon, dangerous instrument or what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm.” Penal Law § 240.26 (1) defines harassment in the second degree as occurring when a party with “intent to harass, annoy or alarm another person * * * strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same.”
 

 The crux of section 240.26 (1) is the element of physical contact: actual, attempted or threatened. Although not rising to the level of an assault causing physical injury (Penal Law § 10.00 [9]), petty forms of offensive touching, such as striking, shoving and kicking, are prohibited when committed with the intent to annoy, harass or alarm the victim. Under the rule of construction requiring courts “to limit general language of a statute by specific phrases which have preceded” it (McKinney’s Cons Laws of NY, Book 1, Statutes § 239 [b]), the general language “physical contact” is properly confined to the preceding “strikes, shoves, kicks” and the like contemplated by the statute.
 

 Distinct from harassment, menacing does not require any form of “physical contact,” actual, attempted or threatened. Menacing simply requires an intent to place another person in “reasonable
 
 fear
 
 of physical injury” by “displaying” a weapon or dangerous instrument (Penal Law § 120.14 [1] [emphasis added]). Thus, it is possible to commit menacing without harassment, and the trial court properly refused to submit the harassment charge to the jury.
 

 Rosenblatt, J. (dissenting). In my view, it is impossible to commit second degree menacing under Penal Law § 120.14 (1) — the greater offense — without concomitantly committing second degree harassment under Penal Law § 240.26 (1) — the lesser offense
 
 (see, People v Van Norstrand,
 
 85 NY2d 131;
 
 People v Glover,
 
 57 NY2d 61;
 
 People v Green,
 
 56 NY2d 427). To prove second degree menacing under section 120.14 (1), the People must establish that the defendant, with intent to place a victim in reasonable fear of physical injury or death, displays a deadly weapon or dangerous instrument. Second degree harassment under section 240.26 (1) is made out when the defendant, with intent to alarm a victim, threatens the victim with physical contact. A defendant cannot display a deadly weapon or dangerous instrument with the intent to place a victim in reasonable fear of physical injury without at the same time threatening physical contact with the intent to alarm.
 

 
 *773
 
 The majority’s holding rests on a single premise: “[d]istinct from harassment, menacing does not require any form of ‘physical contact,’ actual, attempted or threatened.” (Majority mem, at 772.) The premise, I submit, is flawed. Menacing, to be sure, does not require actual or attempted physical contact. But neither does harassment. Menacing does, however, require the threat of physical contact. Trying to frighten someone by displaying a deadly weapon or dangerous instrument carries an obvious threat of physical contact
 
 (see,
 
 2 CJI[NY] PL 120.15 [1979 ed]: [“For you to find the defendant guilty of (menacing), the People are required to prove * **§* * that (defendant) acted in a
 
 threatening
 
 manner”] [emphasis added]). By definition, a dangerous instrument is an object “readily capable of causing” physical injury
 
 (see,
 
 Penal Law § 10.00 [13]).
 
 *
 
 Obviously, a dangerous instrument must make physical contact before it produces physical injury. The defendant who displays one, when acting with intent to frighten a victim, is manifestly threatening physical contact.
 

 Under the majority’s analysis, purposely scaring someone with a gun does not entail a threat of physical contact. I disagree. Bullets, when they pierce bodies, make physical contact. That is what they are designed to do. If they did not make physical contact, they would pose no threat. Thus, the defendant who displays a gun to scare the victim surely threatens physical contact — by shooting. Similarly, the defendant who displays a knife with the intent to instill fear threatens physical contact — by stabbing. Indeed, it is the very threat of physical contact (i.e., the fear being shot or stabbed) that lies at the heart of menacing.
 

 Accordingly, I dissent.
 

 
 *774
 
 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley and Graffeo concur; Judge Rosenblatt dissents in an opinion.
 

 Order affirmed in a memorandum.
 

 *
 

 In this context, the possibility of a dangerous instrument producing physical injury without some form of physical contact is virtually inconceivable. Moreover, all of the objects defined as deadly weapons under Penal Law § 10.00 (12) (loaded guns, various knives, billies, blackjacks, metal knuckles) obviously contemplate physical contact. Indeed, they are deadly precisely because of the consequences they produce when they make physical contact. Even rubber boots can be dangerous instruments when used to stomp on— make physical contact with — the victim (see,
 
 People v Carter,
 
 53 NY2d 113).
 

 Similarly, it is well settled that to establish criminal possession of a handgun, rifle or shotgun, the People must prove that the weapon was operable, because these weapons are “capable of inflicting serious injury or death only if operable” (see,
 
 People v Longshore,
 
 86 NY2d 851, 852;
 
 see, generally,
 
 Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 265, at 78). An inoperable gun cannot possibly subject the victim to physical contact, unless, of course, it is used as a bludgeon, in which case it would most certainly produce physical contact and thus qualify as a dangerous instrument (see,
 
 e.g., People v Wooden,
 
 275 AD2d 935).