# United States Court of Appeals
## For the First Circuit

Nos. 04-2104
     04-2105

DR. PORFIRIO FRANCESCHI; ANGELA CASTILLO DE FRANCHESCI; CONJUGAL
PARTNERSHIP FRANCESCHI-CASTILLO,

Plaintiffs, Appellants/Cross-Appellees,

v.

HOSPITAL GENERAL SAN CARLOS, INC. AND/OR HOSPITAL SAN CARLOS,
INC. D/B/A HOSPITAL SAN CARLOS BORROMEO,

Defendant, Appellee/Cross-Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Justo Arenas, U.S. Magistrate Judge]

Before

Lynch and Lipez, Circuit Judges,
and Baldock,* Senior Circuit Judge.

Raul Barrera Morales, with whom Hernandez Sanchez Law Firm was
on brief, for appellant.
     Myrta Estrella Nieves Blas, with whom Santos & Nieves Blas was
on brief, for appellee.

August 24, 2005

---

* Hon. Bobby R. Baldock, of the Tenth Circuit, sitting by
designation.

**LIPEZ**, <u>Circuit Judge</u>. Appellant Dr. Porfirio Franceschi, a physician, had a contract dispute with the hospital that employed him. The contract had an arbitration clause, and the parties attempted to select an arbitral panel. For various reasons, the arbitration never happened. Instead, the dispute was eventually tried to a jury, which returned a verdict for Dr. Franceschi on both contract damages and compensatory damages for emotional distress. On the hospital's motion for new trial or remittitur, the court substantially reduced the emotional damages award.

The appeal (by plaintiffs) and cross-appeal (by the hospital) raise a bevy of issues: (1) whether the case should have been dismissed in light of the arbitration clause, (2) whether the suit was untimely, (3) whether the court erred in reducing the emotional damages award, (4) whether the jury's economic damages award was excessive and should have been reduced, and (5) whether the jury's economic damages award was too low and should have been increased. We hold that the hospital forfeited its arbitration argument by failing to pursue an interlocutory appeal when that argument was first denied by the district court in a summary judgment ruling. The other issues also pose no obstacles to affirming the district court.

**I.**

We recite the facts in the light most favorable to the jury's verdict, <u>United States</u> v. <u>Castellini</u>, 392 F.3d 35, 39 (1st

Cir. 2004), and present only those facts necessary to the disposition of this appeal.

Dr. Franceschi, a radiologist, was recruited from the Texas hospital where he worked to join Hospital San Carlos in Puerto Rico. His employment contract specified his compensation as follows:

> 1) "THE HOSPITAL" shall pay "THE RADIOLOGIST" a minimum guarantee of ten thousand dollars ($10,000.00) a month which shall be payable on the first of the following month.
> 2) Every three months the total amount collected for the production and interpretation of the radiological studies charged by "THE HOSPITAL" shall be computed and of the amount in excess of the minimum guarantee, "THE RADIOLOGIST" shall be paid 35% of the net profit of the Department.

When Dr. Franceschi received his first paycheck, it was much smaller than he expected. He spoke to the hospital's director of finances and its administrator, each of whom explained that after calculating the department's net income, the hospital then subtracted 55% as a so-called "contractual adjustment." Each claimed that such an adjustment was customary in Puerto Rico. The net effect of the adjustment was to reduce the pie from which Dr. Franceschi received a 35% slice.

Dr. Franceschi left the hospital when his contract expired in December 1994. After some preliminary skirmishing in the Puerto Rico commonwealth court, the parties attempted to pursue arbitration as provided by the employment contract's arbitration

-3-

clause. Efforts at arbitration began in the fall of 1996, but seemed to founder on the attempt to select a panel. In January 1998, Dr. Franceschi's lawyer sent a letter to the hospital saying that "before proceeding to formalize the panel, I believe we should meet" to discuss settlement. Apparently nothing happened, and Dr. Franceschi eventually obtained new counsel. In the spring of 2000, Dr. Franceschi's counsel wrote to the hospital to revive arbitration talks. The hospital responded that it considered the matter closed.

In September 2000, Dr. Franceschi and his wife filed this lawsuit in federal court. Shortly thereafter, the hospital filed a motion for summary judgment on the grounds that the contract required arbitration and that the statute of limitations had run. In March 2001, the district court denied the motion. First, it found that the arbitration clause, by its terms, did not apply to this dispute. Second, it found that, although the three-year statute of limitations ran from the date that Dr. Franceschi rendered services, the January 1998 letter from his attorney restarted the three-year period because it demonstrated the creditor's intent to collect the debt.

In April 2004, the case was tried to a jury. At the close of plaintiff's evidence, the hospital moved for judgment as a matter of law, which the court denied. The hospital did not renew its motion at the close of all the evidence. The next day,

the jury returned a verdict for the Franceschis, awarding $152,792 for breach of the contract, plus $100,000 each to the doctor and his wife for mental and emotional anguish. The hospital then filed a motion for judgment as a matter of law, which the court denied as procedurally barred, and a motion for a new trial or remittitur. The court denied the motion for a new trial, but granted the motion for remittitur in part. After finding that there was no evidence of the plaintiffs' extreme mental anguish, the court reduced those awards to $5,000 each.

Plaintiffs appeal the contract damages award, seeking $225,784 instead of the $152,792 awarded. Plaintiffs also seek to restore the award for mental anguish to the full $200,000. The hospital cross-appeals the damages awards, maintaining that it owes Dr. Franceschi only $16,857 and nothing for mental anguish. The hospital also appeals the court's denial of its motion for a new trial, and argues that the district court erred in denying its motion for summary judgment on the grounds of the statute of limitations and the arbitration clause.

## II.

The issues presented are not legally complex, and we dispose of them briefly. We address them in approximately the order in which they arose.

**A.        Arbitration**

At the summary judgment stage, the hospital argued that the contract required mandatory arbitration of the complaint.  The district court rejected the hospital's argument on the basis of an interpretation of the contract.  More than three years elapsed between the district court's denial of the hospital's motion for summary judgment and the start of trial.  In the intervening period, the hospital did nothing to press its arbitration claim.  In particular, it did not file an interlocutory appeal, which the Federal Arbitration Act permits.  See 9 U.S.C. § 16(a)(1)(B).

In Colon v. R.K. Grace & Co., 358 F.3d 1, 4 (1st Cir. 2003), we signaled that we would likely adopt the rule that failure to take such an appeal could forfeit the right to arbitration:

> Nothing in the statute requires an immediate appeal but three circuits have held that the failure to promptly appeal such a denial may by estoppel foreclose the demanding party's right to arbitration, although this is not automatic and depends on a showing of prejudice to the other side.  The reason is that it is wasteful to have a full trial and then determine by a post-trial appeal that the whole matter should have been arbitrated and so start again. . . .  We are sympathetic to the approach of the [three] Circuits, and it is wise for us to make this clear by dictum so as to give warning to the bar.

(Footnote omitted).  We did not formally adopt this rule in Colon because "the district judge did not definitively deny the arbitration request until after . . . the trial had already occurred."  Id.  Here, by contrast, the district court definitively

-6-

denied the request for arbitration at the summary judgment stage, three years before trial began, and the hospital sat on its arbitration right throughout that period.

We now hold what Colon forewarned: failure to promptly appeal a denial of arbitration will, if prejudicial to the opposing party, operate to forfeit the demanding party's right to arbitration. In this case, it would prejudice plaintiffs "to have a full trial and then determine by a post-trial appeal that the whole matter should have been arbitrated and so start again." Id. Consequently, the hospital has forfeited its right to arbitration.[1]

## B.        Judgment as a Matter of Law

At the close of plaintiffs' case, the hospital moved for judgment as a matter of law on the ground that the plaintiffs had not established a sufficient basis upon which a reasonable jury could find in their favor. The district court denied that motion.

The hospital did not, however, renew the motion at the close of all the evidence. "If a defendant wishes to renew a motion for judgment as a matter of law at the post-trial stage, with a view to having denial of that motion considered by the court of appeals, the defendant is required to have moved for judgment as

---

[1]The hospital also fleetingly suggests that plaintiffs' claims were barred by the statute of limitations. In its entirety, the argument is that "the doctrine of statutes of limitation [and] laches . . . applies to this case." This type of "short-form argument[]" is an "invitation[] to this court to fill in the blanks by itself, which is not our job." Colon, 398 F.3d at 6. We decline to address the issue.

-7-

a matter of law at the close of all the evidence. . . .  This court therefore has held that it will not consider claims of insufficient evidence unless the district court was presented with a motion for judgment as a matter of law at the close of all the evidence." Keisling v. SER-Jobs for Progress, 19 F.3d 755, 758-759 (1st Cir. 1994).  Consequently, this argument has been forfeited.

**C.       Emotional Damages**

The Franceschis challenge the district court's reduction of the jury's award for emotional distress from $200,000 to $10,000.  District courts may grant a motion for new trial or remittitur only if the award "exceeds any rational appraisal or estimate of the damages that could be based on the evidence before the jury" and is "grossly excessive, inordinate, shocking to the conscience of the court, or so high that it would be a denial of justice to permit it to stand."  Davignon v. Clemmey, 322 F.3d 1, 12 (1st Cir. 2003) (quotation marks and citations omitted).  We review for abuse of discretion.  Id.

This was a commercial dispute arising from a disagreement about the interpretation of the definition of the phrase "net profits."  While disputes with one's employer over the terms of compensation, particularly after moving a great distance to work for that employer, are usually upsetting, the plaintiffs presented little evidence supporting the claim that Dr. Franceschi or his wife had suffered extreme mental anguish.  The  Franceschis present

nothing in their appellate brief to disturb the district court's conclusion that the evidence did not support the jury's award. We find no abuse of discretion.

D.        **Contract Damages**

Both parties challenge the contract award. The hospital argues that the jury's verdict was excessive and the district court should have either granted a new trial or reduced the award to $16,857 -- the amount that the hospital concedes it owes to Dr. Franceschi based on its interpretation of the contract (i.e., the interpretation the jury rejected). We see no reason to disagree with the district court's conclusion that the jury could rationally interpret the contract as it did, notwithstanding the hospital's arguments to the contrary. Furthermore, the district court noted that the jury award, far from excessive, was actually "lower than what Dr. Franceschi would have received had he been paid the 35% of . . . the net income after subtracting operational expenses to the gross revenue." (Emphasis added). The district court was correct to deny the hospital's motion for new trial or remittitur of the contract damages.

At the same time, the Franceschis challenge the court's refusal to increase the contract award to an amount that, they say, reflects a more logical computation. This argument is a nonstarter. "[T]he Seventh Amendment flatly prohibits federal courts from augmenting jury verdicts by additur." Campos-Orrego v.

-9-

Rivera, 175 F.3d 89, 97 (1st Cir. 1999) (citing Dimick v. Schiedt, 293 U.S. 474, 486 (1935)).

**Affirmed**.