

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-27-2009

# Tie v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1538

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Tie v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1310.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1310

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-1538

SOEW GING TIE; PETER SETYO PURWANTO; YUWONO TIO,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES

Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A97-976-214, A70-868-768, A96-204-312)
Immigration Judge:  Honorable R.K. Malloy

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 13, 2009

Before: AMBRO, FISHER and JORDAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 27, 2009)

OPINION

PER CURIAM

    Soew Ging Tie, Peter Setyo Purwanto and Yuwono Tio, all Indonesian natives and

citizens, petition for review of a final order of the Board of Immigration Appeals

("BIA"), affirming the Immigration Judge's ("IJ") denial of their applications for asylum and withholding of removal. For the following reasons, we will deny the petition.

Tie, the lead petitioner, and her son, Purwanto, arrived in the United States in 2003 and her husband, Tio, entered in 2000. The Department of Homeland Security charged all three petitioners with removal pursuant to 8 U.S.C. § 1227(a)(1)(B). Petitioners conceded removal but applied for asylum, withholding of removal, and protection under the Convention Against Torture. In her asylum application, Tie averred that she feared returning to Indonesia because, as a Chinese Christian, she feared harm from Indonesian Muslims. Before the IJ, she testified that "horrific incidents" occurred to her relatives in Indonesia. (App. at 108-09.) Petitioners also submitted, among other documents, the 2002 and 2005 State Department Country Reports for Indonesia, and affidavits from Dr. Jeffrey Winters and Jana Mason describing the persecution Chinese Christians historically faced and currently face in Indonesia. (App. at 188-208.)

The IJ, finding Tie's testimony credible, denied the petitions for asylum and withholding of removal.[1] Specifically, the IJ found that the petitioners admitted that they had not suffered past persecution and failed to show that they would suffer future persecution based on any of the statutorily protected grounds. The BIA adopted and affirmed the IJ's decision. In its January 30, 2008 per curiam opinion, the BIA found

---

[1] Petitioners withdrew their claims under the Convention Against Torture before the IJ ruled on their other claims.

2

that petitioners failed to show a pattern or practice of persecution in Indonesia against Chinese Christians and rejected petitioners' argument that the IJ failed to consider the two expert affidavits they submitted.  (App. at 2-3.)

We have jurisdiction pursuant to 8 U.S.C. § 1252(a).  We uphold the BIA's determinations if they are supported by reasonable, substantial and probative evidence on the record considered as a whole.  Yusupov v. Att'y Gen., 518 F.3d 185, 197 (3d Cir. 2008).  Under the substantial evidence standard, the BIA's determinations "must be upheld unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001) (citing INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992)).  Where the BIA substantially adopts the findings of the IJ, we review the decisions of both the IJ and the BIA.  He Chun Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004).

To be granted asylum, petitioners must show that they are "unable or unwilling to return to [Indonesia] . . . because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see also 8 U.S.C. § 1158(b)(1)(A).  To be eligible for withholding of removal, petitioners must demonstrate that "there is a greater-than-fifty-percent chance of persecution" in Indonesia based on one of these protected grounds.  Senathirajah v. INS, 157 F.3d 210, 215 (3d Cir. 1998); see also 8 U.S.C. § 1231(b)(3)(C).

Petitioners argue that the BIA did not make a meaningful review of the administrative record and thus violated their due process rights.  Specifically, petitioners argue that the BIA did not make an individualized determination of their case.  See Abdulai v. Ashcroft, 239 F.3d 542, 550 (3d Cir. 2001) ("the question for due process purposes is . . . whether the [BIA] made an individualized determination of [the petitioner's] interests.").  A review of the BIA's opinion reveals that this claim is without merit.  The BIA cited to the expert witness and country condition evidence petitioners submitted and noted that petitioners had family remaining in Indonesia.  Thus the BIA's decision contains "more than sufficient indicia that it undertook an individualized determination."  Kamara v. Att'y Gen., 420 F.3d 202, 212 (3d Cir. 2005) (internal quotation marks omitted).

Similarly, to the extent that the petitioners argue that the IJ failed to consider their expert witness evidence, that claim is also without merit.  While the IJ did not discuss the evidence in depth, it cited the affidavits in its opinion.  See Myat Thu v. Att'y Gen., 510 F.3d 405, 416 n.16 (3d Cir. 2007) ("Consideration of all evidence does not require comment on all evidence.").  Both affidavits extensively discussed historical discrimination against Christians and the ethnic Chinese population.  The IJ, in her opinion, noted that there were problems in Indonesia, including historically discriminatory practices towards the ethnic Chinese population.  (App. at 50A.)  Thus petitioners have failed to meet their burden of proof on this claim.  See Kamara, 420 F.3d

4

at 212 (it is petitioner's burden to show that the agency did not review the record when it considered the appeal).

We also find that substantial evidence supports the BIA and IJ's findings that petitioners failed to establish a well-founded fear of future persecution. In order to established a well-founded fear of future persecution, petitioners were required to show a subjective and objective fear of persecution. Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005). To demonstrate an objective fear, petitioners were required to show that they would be singled out for persecution or demonstrate that "there is a pattern or practice" of persecution of Chinese Christians in Indonesia. Id. We have held that in order to constitute a "pattern or practice," the persecution of a group must be "systemic, pervasive, or organized." Id. at 537.

Petitioners argue that they submitted evidence which shows a pattern and practice of persecution against ethnic Chinese and Christian citizens in Indonesia. Petitioners point to the 2005 State Department Country Report and their expert witness testimony as evidence of such a pattern and practice. We have held, however, that the 2003 and 2004 Country Reports for Indonesia do not demonstrate a pattern or practice of persecution. Wong v. Att'y Gen., 539 F.3d 225, 233 (3d Cir. 2008). To the contrary, the reports indicate that the Indonesian government has taken steps to promote religious and ethnic tolerance and "that private parties, not government officials, are the predominant cause of harassment and violence." Id. at 233-34. We have also noted that the 2005 Country

5

Report, the same report petitioners rely on in this case, documents "similar or improved treatment of Chinese Christians in Indonesia." Id. at 234. Petitioners' citations to isolated incidents involving Christians in the 2005 Report do not compel a finding that the BIA's decision is not supported by substantial evidence. See Kayembe v. Ashcroft, 334 F.3d 231, 236 (3d Cir. 2003) (Just because "the State Department report cuts both ways . . . does not mean that it does not constitute substantial evidence."). Further, while the petitioners' expert witness affidavits counter more recent country reports on Indonesia, the BIA did not err in relying on the more recent reports over the affidavits. See Zubeda v. Ashcroft, 333 F.3d 463, 477-78 (3d Cir. 2003) ("Country reports . . . are the most appropriate and perhaps the best resource for information on political situations in foreign nations.")

Finally, because petitioners cannot satisfy the standard for asylum, they cannot satisfy the higher burden of proof for withholding of removal. Janusiak v. INS, 947 F.2d 46, 47 (3d Cir. 1991).