**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MUKESH BABUBHAI PATEL,<br><br>               Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>               Respondent. | No. 11-73804<br><br>Agency No. A096-385-939<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2015[**]
San Francisco, California

Before: PAEZ and BERZON, Circuit Judges and EZRA,[***] District Judge.

Mukesh Patel, a native and citizen of India, petitions for review of the

decision of the Board of Immigration Appeals ("BIA") denying his application for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David A. Ezra, District Judge for the U.S. District Court for the Western District of Texas, sitting by designation.

withholding of removal and protection under the Convention Against Torture ("CAT"), and of the Immigration Judge (IJ's) determination that he filed a frivolous asylum application.

**1.** Substantial evidence supports the BIA's conclusion that Patel's testimony was not credible. Patel's 2009 testimony was inconsistent with his 2005 testimony and with documents in the record, including his asylum application and family members' affidavits. Those documents also conflict with his 2005 testimony.

Several of the numerous unexplained inconsistencies go to the heart of Patel's claim of persecution. *See Rizk v. Holder*, 629 F.3d 1083, 1088–89 (9th Cir. 2011). In 2005, Patel testified that his second of three arrests occurred when he was leaving an office, alone, and resulted in treatment at a hospital for injuries from beatings by the police, in 2009, he said that he was arrested for being involved in a riot and that he received no medical treatment. In 2005, Patel claimed that his third arrest was for annoying an office clerk, while in 2009, he claimed it was for failing to obey police instructions. Patel's 2009 testimony also conflicted with affidavits and documentary evidence submitted by his father, uncle, and doctor.

Patel was given ample opportunity to clarify the discrepancies in his testimony, but he failed to do so. *See Rizk*, 629 F.3d at 1090-91. Patel denied

2

having made some of the conflicting statements, and attributed others to a previous, unnamed attorney who, he claimed, prepared his asylum application, told him to lie on the stand, and encouraged his father and uncle to make false statements in their affidavits. Even crediting his claims with respect to this former attorney, Patel still engaged in "culpable conduct," as he "made a conscious decision to lie to the asylum office" about a fact "crucial to [his] claim of relief." *Singh v. Holder*, 643 F.3d 1178, 1180–81 (9th Cir. 2011).  Such culpable conduct "cast[s] doubt on" a petitioner's testimony.  *Id.* at 1180 (alteration in original).

The IJ provided these and other specific, cogent reasons for finding Patel not credible.  The BIA's decision to affirm the IJ's adverse credibility finding is supported by substantial evidence.  *See Monjaraz-Munoz v. I.N.S.*, 327 F.3d 892, 895 (9th Cir. 2003).

**2**.  The BIA's determination that, absent credible testimony, Patel did not demonstrate that he was eligible for withholding of removal or relief under CAT is also supported by substantial evidence.  The only documents in the record that might have shown past persecution were unsubstantiated, admittedly contained falsified information, or both. "[D]ocuments . . . containing manifest inconsistencies" do not "exhibit the tokens of affirmative reliability necessary to

3

overturn an adverse credibility determination arrived at by another path." *Wang v. I.N.S.*, 352 F.3d 1250, 1259 (9th Cir. 2003).

In sum, Patel cannot make out a claim of past persecution, and has not otherwise shown it is "more likely than not" that he will be persecuted on account of a protected ground if he returns to India. *See* 8 U.S.C. § 1231(b)(3); *Konou v. Holder*, 750 F.3d 1120, 1124 (9th Cir. 2014). He is therefore ineligible for withholding of removal.

Patel's CAT claim is based on the fact that he has "heard from a lot of people," including a friend who submitted an affidavit, that people deported to India are held for ransom and tortured. As the BIA reasoned, one affidavit describing an individual experience does not establish that "persons in [Patel's] circumstances actually face a *probability* of being detained and tortured by Indian officials." *see* 8 C.F.R. § 1208.16(c). Country conditions evidence that police torture and corruption are prevalent in India does not by itself, or in combination with the single affidavit or the falsified documentary evidence, establish that an individual in Patel's particular circumstances would more likely than not be tortured. *See In re J-F-F*, 23 I&N Dec. 912, 918–19 (A.G. 2006).

**3**. We lack jurisdiction to review whether Patel knowingly filed a frivolous asylum application, as that issue is not exhausted. *See Barron v. Ashcroft*, 358 F.3d

4

674, 678 (9th Cir. 2004).  Patel presented the issue in his Notice of Appeal before the BIA, but not in his brief.  When a petitioner files a brief, "the BIA is entitled to look to the brief for an explication of the issues that the petitioner is presenting to have reviewed.  Petitioner will therefore be deemed to have exhausted only those issues he raised and argued in his brief before the BIA."  *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam).

The petition for review is DENIED.