Richards v. Sessions

BIA
Sagerman, IJ
A042 854 612

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand seventeen.

PRESENT:    ROBERT D. SACK,
            RAYMOND J. LOHIER, JR.,
                 *Circuit Judges,*
            PAUL A. CROTTY,[*]
                 *District Judge.*
------------------------------------------------------------

RICARDO ANDRE RICHARDS,

                 *Petitioner,*

            v.                                          15-1875

JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY
GENERAL,

---

[*] Judge Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

*Respondent*.

-------------------------------------------------------------

FOR PETITIONER:                LEON B. HAZANY, Los Angeles, CA.

FOR RESPONDENT:                JANETTE L. ALLEN, Senior Litigation
                               Counsel, Office of Immigration
                               Litigation (Benjamin C. Mizer, Principal
                               Deputy Assistant Attorney General,
                               Anthony C. Payne, Assistant Director,
                               Office of Immigration Litigation, *on the
                               brief*), United States Department of
                               Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ricardo Andre Richards, a native and citizen of Jamaica, seeks review of a June 3, 2015 decision of the BIA, affirming a February 26, 2015 decision of an Immigration Judge ("IJ") ordering Richards removed to Jamaica. In re Ricardo Andre Richards, No. A042 854 612 (B.I.A. June 3, 2015), aff'g No. A042 854 612 (Immig. Ct. Napanoch, N.Y. Feb. 26, 2015). We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to deny the petition.

On appeal, Richards challenges the BIA's holding that he was convicted for two New York offenses that constitute crimes involving moral turpitude

("CIMTs"). See 8 U.S.C. § 1227(a)(2)(A)(ii). We defer to the BIA's reasonable interpretations of the meaning of "moral turpitude" and review de novo the BIA's interpretation of the elements of New York's criminal laws. Gill v. INS, 420 F.3d 82, 89 (2d Cir. 2005).

Richards first argues that third-degree assault, N.Y. Penal Law § 120.00(1), is categorically not a CIMT because a conviction can result from a "minor" injury caused by a "slight" amount of force. But § 120.00(1) requires a specific intent to cause "physical injury" that is more than a mere technical battery. See N.Y. Penal Law § 10.00(9); People v. Henderson, 92 N.Y.2d 677, 680 (1999); Matter of Philip A., 49 N.Y.2d 198, 200 (1980). We therefore defer to the BIA's reasonable view that a conviction under § 120.00(1), requiring proof of an intentional assault meant to cause more than de minimis physical harm, constitutes a CIMT. See Matter of Solon, 24 I. & N. Dec. 239, 245 (B.I.A. 2007).

Richards next argues that second-degree menacing, N.Y. Penal Law § 120.14(1), is categorically not a CIMT.[1] Here again, we defer to the BIA's contrary conclusion. Richards' argument that second-degree menacing is a

---

[1] Richards has abandoned any challenge to the BIA's conclusion that New York Penal Law §§ 120.14(2) and (3) are CIMTs. Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n.7 (2d Cir. 2005); see also Gross v. Rell, 585 F.3d 72, 95 (2d Cir. 2009).

3

general intent crime misreads the statute, which requires "intentionally plac[ing] or attempt[ing] to place another person in reasonable fear of physical injury . . . ." N.Y. Penal Law § 120.14(1).   New York courts construe this language to require a specific intent to cause fear of injury.   See People v. Bartkow, 96 N.Y.2d 770, 772 (2001); People v. Bryant, 787 N.Y.S.2d 540, 541–42 (4th Dep't 2004).   Richards further argues that § 120.14(1) cannot categorically be a CIMT because the use of an object that only appears to be a firearm is not a sufficient aggravating factor. The BIA disagreed, noting that § 120.14(1) requires a specific intent to make the victim fear physical harm from the use of a deadly weapon, whether or not the displayed weapon is real.   Because New York courts require that the defendant display an object that could reasonably be perceived as a real firearm, see People v. Lopez, 73 N.Y.2d 214, 220 (1989); People v. Colon, 984 N.Y.S.2d 438, 440–41, 443 (3d Dep't 2014), the BIA's conclusion—that use of a fake firearm constitutes a sufficient aggravating factor—is permissible and therefore deserves deference, see Gill, 420 F.3d at 89.

Finally, we reject Richards' argument that the BIA erred in relying on Matter of Silva-Trevino, 24 I. & N. Dec. 687 (A.G. 2008) ("Silva-Trevino I").   The agency relied only on Silva-Trevino I's definition of a CIMT as "involv[ing] both reprehensible conduct and some degree of scienter," and the decision vacating

4

<u>Silva-Trevino I</u> expressly preserved this definition. <u>Matter of Silva-Trevino</u>, 26 I. & N. Dec. 550, 553 n.3 (A.G. 2015); <u>see also</u> <u>Matter of Silva-Trevino</u>, 26 I. & N. Dec. 826, 828 n.2 (B.I.A. 2016).

We have considered Richards' remaining arguments and conclude that they are without merit.   For the foregoing reasons, the petition for review is DENIED.

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>