Kamilova v. Barr

BIA
Leeds, IJ
A205 444 888

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of August, two thousand nineteen.

PRESENT:
      RICHARD C. WESLEY,
      PETER W. HALL,
      DENNY CHIN,
         *Circuit Judges.*

_____

AMIRA TEMIROVNA KAMILOVA,
      *Petitioner,*

      v.                    17-4012
                                      NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
      *Respondent.**

_____

FOR PETITIONER:      Nicholas J. Mundy, Nicholas J. Mundy, Esq., PLLC, Brooklyn, NY.

FOR RESPONDENT:      Joseph H. Hunt, Assistant Attorney General; Briena L. Strippoli, Senior Litigation Counsel; Deitz P. Lefort, Trial

---

* The Clerk of the Court is respectfully requested to conform the case caption to the above.

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Amira Temirovna Kamilova, a native and citizen of Uzbekistan, seeks review of a November 27, 2017, decision of the BIA affirming a March 21, 2017, decision of an Immigration Judge ("IJ") denying her asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and denying her motion to remand. *In re Amira Temirovna Kamilova,* No. A205 444 888 (B.I.A. Nov. 27, 2017), *aff'g* No. A205 444 888 (Immig. Ct. N.Y. City Mar. 21, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). The agency did not err in

2

concluding that Kamilova failed to satisfy her burden of proof for asylum, withholding of removal, and CAT relief based on her claims that she (a) suffered past persecution, namely because local government officials in Uzbekistan harassed her when she worked as a school director on account of her Tajik ethnicity and (b) has a well-founded fear of future persecution, namely because officials will harm her in the future on account of her Tajik ethnicity, her overstay of her Uzbek exit visa, and her application for asylum.

A. Past Persecution

A valid past persecution claim can be based on harm other than threats to life or freedom, including "non-life-threatening violence and physical abuse," *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006) (alteration and internal quotation marks omitted), but the harm must be sufficiently severe, rising above "mere harassment," *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). "'[H]arassment' is 'words, conduct, or action (usually repeated or persistent) that, being directed at a specific person, annoys, alarms, or causes substantial emotional distress in that person and serves no legitimate purpose.'" *Id.* (alterations omitted)(quoting *Harassment,*

3

Black's Law Dictionary 721 (7th ed. 1999)).  In evaluating a past persecution claim, the agency must consider the harm suffered in the aggregate.  *Poradisova v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005).

The agency did not err in concluding that, even considered in the aggregate, officials berating Kamilova in front of others at work and a prosecutor questioning her about a radicalized student was not sufficiently extreme to rise beyond harassment to the level of persecution.  *See Ivanishvili*, 433 F.3d at 341; *see also Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("We have emphasized that persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks omitted)).  Further, the agency did not err in declining to consider the mafia's murder of Kamilova's brother in Moscow based on his refusal to give up his successful businesses in Uzbekistan because she was not targeted for the same reason or present during his murder. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007) (noting that persecution of a family member may constitute persecution to an applicant only if the two share "the characteristic that motivated persecutors" and the applicant

4

was "within the zone of risk when the family member was harmed"); *see also Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir. 2007).

B. <u>Well-Founded Fear of Future Persecution</u>

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), which must be both subjectively credible and objectively reasonable, *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To demonstrate a well-founded fear, an applicant must show either "a reasonable possibility . . . she would be singled out individually for persecution" or that the country of removal has a "pattern or practice" of persecuting individuals similarly situated to her. 8 C.F.R. § 1208.13(b)(2)(iii). "Pattern-and-practice analysis affords a petitioner who cannot credibly demonstrate a reasonable possibility that [s]he will be targeted as an individual for future persecution an alternative means to demonstrate that h[er] fear of persecution is objectively reasonable." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 150 n.6 (2d Cir. 2008).

The agency found that Kamilova failed to satisfy her

5

burden of proving that she would be singled out for persecution because she did not adequately corroborate her testimony that government officials looked for her after she left Uzbekistan, or that there was a pattern or practice of persecution of ethnic Tajiks or individuals who return from the United States having violated the terms of an Uzbek exit visa or having applied for asylum. As the Government argues, Kamilova does not challenge these findings in her opening brief and thus we need not consider them. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (noting that the Court does not consider issues that a petitioner abandons by failing to raise them in an opening brief).

We note, however, that the agency did not err in requiring Kamilova to corroborate her claim that officials had interrogated and harmed her son and father while looking for her because her testimony was vague and evasive in this regard. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts

6

sufficient to demonstrate that the applicant is a refugee."); *see also Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018). Further, although Kamilova submitted letters from her husband and son, those letters did not corroborate her testimony but rather undermined it given inconsistencies among them. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that inconsistencies between an applicant's and witness's statements supports an adverse credibility determination).

The agency also did not err in determining that the country conditions evidence failed to establish a well-founded fear of persecution by showing a pattern or practice of persecution of Tajiks or Uzbek nationals who have overstayed their Uzbek exit visa and applied for asylum. A pattern or practice of persecution is the "systemic or pervasive" persecution of a group. *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005); *see Mufied v. Mukasey*, 508 F.3d 88, 92-93 (2d Cir. 2007) (recognizing as reasonable the "systemic, pervasive, or organized" standard for finding a pattern or practice of persecution claim). But Kamilova's evidence described discrimination against Tajiks and only one incident of persecution against a Tajik individual, and did not discuss the persecution of any individuals who overstayed

7

an Uzbek exit visa or who had applied for asylum in the United States.

The agency's conclusion that Kamilova failed to establish a well-founded fear of persecution was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicates. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Moreover, the record equally supports the agency's separate finding that Kamilova failed to satisfy her burden for CAT relief because she failed to submit any evidence that she would be singled out for torture. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (noting requirement that CAT applicant establish that "someone in his particular alleged circumstances is *more likely than not* to be tortured").

We do not reach the BIA's denial of Kamilova's motion to remand because she does not raise it in her opening brief. *See Yueqing Zhang*, 426 F.3d at 541 n.1, 545 n.7.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe Clerk of Court

8