Ashanti v City of New York (2024 NY Slip Op 01267)

Ashanti v City of New York

2024 NY Slip Op 01267

Decided on March 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2024

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 155062/19 Appeal No. 1836 Case No. 2023-01019 

[*1]Karl Ashanti, Respondent,
v
The City of New York et al., Appellants, Police Officers etc., et al., Defendants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Philip W. Young of counsel), for appellants.
Cohen & Fitch, LLP, New York (Joshua P. Fitch of counsel), for respondent.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered January 11, 2023, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing plaintiff's causes of action for false arrest, false imprisonment, malicious prosecution, assault and battery, and race discrimination under the State and City Human Rights Laws (HRLs), unanimously affirmed, without costs.
The court correctly denied the City's motion for summary judgment on plaintiff's HRL claims based on the existence of issues of material fact as to whether the City's stated reason for requiring his resignation was pretextual. The City submitted evidence of a legitimate, nondiscriminatory reason for requiring plaintiff, a former Assistant Corporation Counsel with the Law Department, to resign in lieu of termination—namely, the fact that he showed his Law Department ID card to a police officer to gain access to a barricaded area on his way to work, less than a year after he represented his wife in litigation against a subsidiary of a City agency, for which he was disciplined by the Conflicts of Interest Board (COIB) (see Matter of Ashanti v New York City Conflicts of Interest Bd., 199 AD3d 438, 438 [1st Dept 2021], lv dismissed 38 NY3d 1122 [2022]). Accordingly, the question is whether plaintiff has submitted sufficient evidence to show that the City's proffered reason is pretextual or that race was a motivating factor in its decision (see Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 40 [1st Dept 2011], lv denied 18 NY3d 811 [2012]; Cadet-Legros v New York Univ. Hosp. Ctr., 135 AD3d 196, 202 [1st Dept 2015]).
The Law Department suspended plaintiff, who is Black, immediately after his arrest for obstruction of governmental administration (OGA), harassment in the second degree, and resisting arrest, and shortly thereafter required him to resign in lieu of termination. Plaintiff submitted evidence that two other Law Department attorneys, who are not Black, were not disciplined following arrests for driving while intoxicated (DWI). The Law Department's departure from its protocol of not disciplining employees for arrests until the resolution of criminal proceedings could thus lead a reasonable jury to conclude that "race play[ed] a role in [the City's] decision-making" (Bennett, 92 AD3d at 46; see Radwan v Manual, 55 F4th 101, 133 [2d Cir 2022]). Although plaintiff's comparators do not appear to share his history of ethical violations, the comparators' relative misconduct should be considered as "part of the [City's] ultimate effort to undercut the weight assigned to the plaintiff's evidence and thus disprove the plaintiff's claim" before a factfinder (Bennett, 92 AD3d at 37; see also Radwan, 55 F4th at 132).
Emails showing the Law Department was evasive with members of the Department of Citywide Administrative Services regarding the reasons for plaintiff's resignation further support the denial of summary judgment (see Radwan, [*2]55 F4th at 140).
The court also correctly denied the City's motion for summary judgment on plaintiff's claims for false arrest, false imprisonment, malicious prosecution, assault, and battery because the record contains disputed issues of fact as to whether defendant Officer John Shapiro had probable cause for plaintiff's arrest (see Mendez v City of New York, 137 AD3d 468, 470 [1st Dept 2016]; Vizcaino v City of New York, 201 AD3d 538, 539 [1st Dept 2022]).
As to the charge of harassment in the second degree, the parties dispute whether plaintiff initiated or attempted to initiate physical contact with Officer Shapiro, which is the "crux" of the offense (People v Bartkow, 96 NY2d 770, 772 [2001]). The video of the encounter shows a physical struggle, but it does not clearly show plaintiff initiating contact "with intent to harass, annoy or alarm" Officer Shapiro (Penal Law § 240.26 [1]). Moreover, although plaintiff admitted to attempting to "shrug" Officer Shapiro off him to "avoid being placed in handcuffs," such actions do not support a charge of resisting arrest when the arrest is otherwise unauthorized (see Penal Law § 205.30; People v Peacock, 68 NY2d 675, 677 [1986]).
As to the OGA charge, the interference element of the Penal Law § 195.05 "is satisfied when an individual intrudes himself into, or gets in the way of, an ongoing police activity," which may include, under certain circumstances, refusing to obey an officer's order, "even if there is no physical force involved" (Kass v City of New York, 864 F3d 200, 209-210 [2d Cir 2017], cert denied 583 US 999 [2017]). The record contains issues of fact as to whether plaintiff refused Officer Shapiro's directive to proceed east toward Broadway and leave the barricaded area. While the video shows plaintiff head south into the street and turn slightly west, a reasonable jury could credit plaintiff's testimony that he was merely crossing the street to continue east on the other side of Park Place and turned toward Officer Shapiro when he saw that the officer was pursuing him.
We have considered the City's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2024