[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 05, 2003
THOMAS K. KAHN
CLERK

_____

No. 01-16588
_____

D.C. Docket No. 01-4572-CIV-PAS

FOUR SEASONS HOTELS AND RESORTS, B.V.,
FOUR SEASONS HOTELS (BARBADOS),
FOUR SEASONS HOTELS LIMITED,

Plaintiffs-Appellees,

versus

CONSORCIO BARR, S.A.,
CARLOS L. BARRERA,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 5, 2003)**

Before EDMONDSON, Chief Judge, ANDERSON, Circuit Judge, and POGUE [*],
Judge.

_____

[*] Honorable Donald C. Pogue, Judge, United States Court of International Trade, sitting
by designation.

POGUE, Judge:

Appellants Consorcio Barr, S.A., and Carlos L. Barrera (collectively, "Appellants" or "Consorcio") appeal the district court's entry of a preliminary injunction in favor of Appellees Four Seasons Hotels and Resorts, B.V., Four Seasons Hotels (Barbados) Ltd., and Four Seasons Hotels Limited (collectively, "Appellees" or "Four Seasons") restraining Appellants' access to a computer network and requiring Appellants to return certain items of computer equipment to the custody of Appellees. This Court exercises jurisdiction over this appeal under 28 U.S.C. § 1292(a)(1).[1] For the reasons expressed below, we reverse and vacate the injunction.

I.

In April 1997, Four Seasons and Consorcio entered into a licensing agreement for the operation of a Four Seasons hotel in Caracas, Venezuela (the "Four Seasons Caracas"). The agreement provided that Consorcio would build a luxury hotel in

---

[1] The district court exercised jurisdiction over the underlying action on the basis of contractual consent. Four Seasons Hotels and Resorts, B.V. is a Dutch corporation domiciled in Amsterdam. Four Seasons Hotels (Barbados) Ltd. is a Barbadian corporation domiciled in Bridgetown, Barbados. Four Seasons Limited is a Canadian corporation domiciled in Toronto, Ontario, Canada. Appellants indicate in their brief that the Four Seasons Hotel in Caracas is operated by Four Seasons Caracas, C.A., a wholly owned Venezuelan corporate subsidiary of Four Seasons Hotels Ltd. Appellant's Br. at 5. Consorcio Barr is a Venezuelan corporation domiciled in Caracas. Carlos Barrera is a citizen of Venezuela and a resident of Caracas. The licensing agreement between Consorcio and Four Seasons includes dispute resolution provisions which, inter alia, entitle Four Seasons to "commence legal proceedings in the City of Miami, Florida" in connection with a breach of any provision of the agreement "relating to the Trademarks or the Proprietary Materials." Hotel License Agreement, Rec. Ex. 1, § 11.06(a)(ii).

2

Caracas, and Four Seasons would license its trademark to the hotel and provide "advisory, operations, and management services." Compl., Rec. Ex. 1 at 5 ¶ 13.

On November 6, 2001, Four Seasons filed a complaint in the District Court for the Southern District of Florida alleging that Consorcio was gaining unauthorized access to the Four Seasons computer network, and thus to e-mail and other proprietary and confidential materials located on the network, in violation of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030(a)(4) and 1030(a)(2)(d), the Wire and Electronic Communications Interception Act, 18 U.S.C. §§ 2511(1)(a) and 2511(1)(d), and the Florida Uniform Trade Secrets Act, Fla. Stat. § 688. On the same date, Four Seasons filed an emergency motion for an ex parte temporary restraining order ("TRO"), seeking to prevent Consorcio from accessing its computer network.

On November 12, 2001, Appellants were served with the complaint, motion, and written notice of a preliminary injunction hearing to be held on November 14, 2001 in Miami, Florida. Appellants' counsel at the November 14 hearing stated that he had learned of the action late in the day on November 13 and requested additional time to prepare. The district court proceeded with the hearing and Four Seasons presented witness testimony to support its allegations. Appellants' lawyer cross-examined Four Seasons' witness but did not present any witnesses or

3

affidavits.

The facts surrounding the alleged unauthorized computer use are in dispute. Dr. Jozel Venegas, a Four Seasons employee who investigated the computer problems at the Four Seasons Caracas, testified at the November 14 hearing that by using a protocol called NetBEUI, he was able to ascertain that Consorcio computers were accessing the Four Seasons network and that packets of data, including files from a Four Seasons guest history database, were being sent between Consorcio's computers and the Four Seasons network. Dr. Venegas named specific Consorcio employees whose computers were accessing the network, and stated that at one point, the unauthorized access took place almost daily and was continuing at the time of the preliminary injunction hearing. Dr. Venegas admitted on cross examination that he had no direct evidence that trademark or proprietary information had been accessed; however, he indicated that such information would be freely available to anyone who gained access to the network. Four Seasons also alleged that Eduardo Bencomo, a former Four Seasons employee later hired by Consorcio, appropriated computer equipment owned by Four Seasons and a CD-ROM containing proprietary and confidential information, and that Consorcio had refused to grant Four Seasons employees access to the Four Seasons server and other equipment located at the Caracas hotel.

4

Following the hearing, the district court issued an injunction restraining Appellants from (1) gaining access to Appellees' computer network; (2) obtaining, disclosing, or using any information or data accessible through Four Seasons' computer network and e-mail system; and (3) denying Four Seasons access to any computer connected to the Four Seasons network systems. The injunction further ordered Appellants to return to Four Seasons' custody and control certain items of computer equipment, including a three-com switch, a server, and a computer used by Eduardo Bencomo, and any information obtained through access to Four Seasons' computer systems.

On November 19, 2001, Consorcio filed an emergency motion to dissolve, stay, or modify the injunction. Attached to the motion were affidavits presenting a serious factual dispute on issues essential to Four Seasons' claim. Specifically, the affidavit of Consorcio's vice president, Lautaro Barrera, indicated that the computer activity data submitted by Four Seasons in support of its allegations of computer hacking demonstrated only that Four Seasons used the shared building computer network. The affidavit indicated that packets of information sent over the network arrive at each computer connected to the network, and computers that are not the intended recipients of a particular information packet simply reject or deny the packet. Therefore, the computer activity reports showing transmission of

5

information packets merely illustrate the network's normal functioning. The affidavits also asserted that the computer equipment ordered returned to Four Seasons was owned by Consorcio and formed part of the building computer network used by Consorcio, Four Seasons, and other building tenants.

The district court scheduled an evidentiary hearing to consider Consorcio's motion on November 28, 2001. The November 28 hearing, however, was not held; instead, the court held a telephone hearing on November 21, 2001. During the telephone hearing, Consorcio asserted that it had not appropriated any proprietary information belonging to Four Seasons or gained unauthorized access to the Four Seasons network, and that Consorcio owned the computer equipment at issue. Consorcio disputed that the evidence offered by Four Seasons indicated computer hacking, arguing that it indicated only that Consorcio, Four Seasons, and other building tenants shared the building computer network. Consorcio also requested that the district court hold the November 28 evidentiary hearing so that Consorcio could present evidence, including witness testimony, to disprove the allegations of hacking and unauthorized access.

At the conclusion of the November 21 telephone hearing, the district court, without issuing any further findings on the disputed issues of fact, denied Consorcio's motion to dissolve, stay, or modify the preliminary injunction. No

6

evidentiary hearing was held.  This appeal ensued.

II.

This Court reviews a district court's order granting or denying a preliminary injunction for abuse of discretion.  McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing Baker v. Buckeye Cellulose Corp., 856 F.2d 167, 169 (11th Cir. 1988)).[2]

A district court may issue a preliminary injunction where the moving party demonstrates (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to

---

[2] Appellees argue that the appeal is moot because Consorcio has already returned the computer equipment in question.  Alternatively, Appellees contend that Consorcio waived any objection to the prohibitory portion of the injunction.  These assertions are without merit.  The appeal is not moot, as the parties retain a "legally cognizable interest in the outcome." Bekier v. Bekier, 248 F.3d 1051, 1054 (11th Cir. 2001)(quoting Reich v. Occupational Safety & Health Review Comm'n, 102 F.3d 1200, 1201 (11th Cir. 1997)).  Moreover, compliance with the terms of an injunction does not moot a case where the action in question could be resumed or undone. See Bakery Sales Drivers Local Union v. Wagshal, 333 U.S. 437, 442 (1948); see also United States v. Concentrated Phosphate Export Ass'n, 393 U.S. 199, 203-04 (1968).

Appellees' claim of waiver rests on Appellants' statements that they had "no problem with" the prohibitory portion of the injunction.  Telephone Hrg. Trans. at 14, 20-22.  Appellants' counsel stated, for example, that if the court chose to prohibit defendants from "attempting to or gaining unauthorized access to the plaintiff's network, frankly, we would have no problem with that because we are not doing it from our vantage point." Id. at 14.  Appellants' statements constitute substantive denials of wrongdoing, rather than acquiescence to the injunction, and will not be construed to bar Appellants' right to defend against the allegations or appeal the injunction.

7

the public interest.  Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); McDonald's Corp., 147 F.3d at 1306; All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989).  "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion'" as to each of the four prerequisites.  McDonald's Corp., 147 F.3d at 1306 (internal citations and quotations omitted); see also Texas v. Seatrain Int'l, S.A., 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).

In order for a preliminary injunction to issue, the nonmoving party must have notice and an opportunity to present its opposition to the injunction.[3]  Fed. R. Civ. P. 65(a)(1) ("No preliminary injunction shall be issued without notice to the adverse party.");  Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 434 n.7 (1974).  While Rule 65 does not define "notice," and the sufficiency of notice "is a matter left within the discretion of the trial court,"  United States v. Alabama, 791 F.2d at 1458, the Supreme Court has stated that the notice requirement "implies a hearing in which the defendant is given a fair opportunity to oppose the application

_____

[3] The district court may convert a hearing for a temporary restraining order into a hearing for a preliminary injunction as long as the adverse party had notice of the hearing.  See United States v. Alabama, 791 F.2d 1450, 1458 (11th Cir. 1986) (citing Dilworth v. Riner, 343 F.2d 226, 229 (5th Cir. 1965)).

8

and to prepare for such opposition." Granny Goose Foods, Inc. v. Teamsters, 415 U.S. at 434 n.7 (internal citations omitted); see also McDonald's Corp., 147 F.3d at 1311; All Care Nursing, 887 F.2d at 1538. Furthermore, "[a]lthough the timing requirements are applied flexibly in practice, the underlying principle of giving the party opposing the application notice and an adequate opportunity to respond is carefully honored by the courts." Wright et al., Federal Practice and Procedure § 2949 at 215.

This principle is reflected in case law. In All Care Nursing, defendants opposing an emergency motion for a preliminary injunction received two days' notice that oral argument on the motion had been scheduled, and that the court would accept affidavits and written submissions at that time. On appeal, this Court stated that "[a] two-day notice, coupled with thirty minutes for oral presentations[,] can hardly be said to constitute a meaningful opportunity to oppose appellees' motion for preliminary injunction. The court thus determines that under the facts of this case appellants were deprived of a fair and meaningful opportunity to oppose appellees' motion." All Care Nursing, 887 F.2d at 1538. In Marshall Durbin Farms, Inc. v. Nat'l Farmers Org., Inc., 446 F.2d 353 (5th Cir. 1971),[4] the

_____

[4] Decisions rendered by the former Fifth Circuit prior to October 1, 1981 were adopted as binding precedent by the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

9

court found that service of notice of a preliminary injunction hearing five days prior to the hearing was insufficient where the underlying complaint and nine attached affidavits described over fifty incidents, and plaintiffs provided defendants with only forty-seven of the sixty-eight additional affidavits presented at the hearing. The court stated that defendants must have "fair notice and an effective opportunity to controvert the facts adduced in support of plaintiffs' motion." 446 F.2d at 356. The court further stated that a

> [h]earing requires a trial of issues of fact. Trial of issues of fact necessitates an opportunity to present evidence, and not by only one side of the controversy. The right of defendants to present controverting factual data is illusory unless there is adequate notice of plaintiffs' claims. It goes without saying that the requirements of a fair hearing include notice of the claims of the opposing party and an opportunity to meet them. . . . [T]he right to a hearing means the right to a meaningful hearing.

Marshall Durbin Farms, 446 F.2d at 356 (internal citations and quotations omitted). The court found that the defendants were placed in an "impossible position insofar as both preparing and presenting an effective response to the motion," as the defendants, "within a few days," had to "retain[] counsel, locat[e] the numerous persons and investigat[e] the multitude of occurrences alleged . . . determin[e] if there was evidence to controvert what was said to have occurred, and either procur[e] affidavits or arrang[e] for live testimony from witnesses." Id. at 356-57.

10

While an evidentiary hearing is not always required before the issuance of a preliminary injunction, "where facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue, an evidentiary hearing must be held." McDonald's Corp., 147 F.3d at 1312 (citing All Care Nursing, 887 F.2d 1535). Where conflicting factual information "place[s] in serious dispute issues central to [a party's] claims" and "much depends upon the accurate presentation of numerous facts, the trial court err[s] in not holding an evidentiary hearing to resolve these hotly contested issues." All Care Nursing, 887 F.2d at 1539; cf. McDonald's Corp., 147 F.3d at 1308 (concluding that no evidentiary hearing was necessary where the nonmoving party did not deny the moving party's factual allegations and offered no contradictory evidence).

## III.

In the instant case, a corporation and an individual in Venezuela were served with a motion for a TRO and notice of a hearing only two days before the hearing was to take place in Miami, Florida. Appellants' attorney stated at the hearing that he had learned of the matter at the close of business on the previous day and was not sufficiently prepared for the hearing. Counsel requested a delay in order to familiarize himself with the documents, locate witnesses, and prepare a response to Four Seasons' allegations. While the circumstances here involve fewer persons

11

and incidents than in <u>Marshall Durbin Farms</u>, the difficulties faced by the appellants were similar.  The two day notice period provided insufficient time to read the pertinent documents, obtain and consult with counsel, and locate witnesses or obtain affidavits supporting Appellants' position.

Appellees correctly argue that the decision to determine the appropriate amount of notice is properly left to the district court's discretion, relying on cases in which the courts have determined that short notice may be adequate.[5] Nonetheless, while courts have, on occasion, accepted short notice periods, we conclude that under the circumstances of this case, the notice was insufficient and the district court's decision to issue the injunction was an abuse of discretion.

The district court compounded its error by declining to hold the subsequent evidentiary hearing.  The court did hold a telephone hearing, providing the parties an opportunity to argue Consorcio's emergency motion to dissolve, stay, or modify the injunction.  However, where, as here, the material facts underlying the complaint and the injunction are disputed, the district court is required to hold a hearing which affords both parties an adequate opportunity to present their

---

[5] Short notice periods have been accepted as adequate where, for example, appellants did not establish prejudice due to inadequate notice, <u>see, e.g.</u> <u>United States v. Alabama</u>, 791 F.2d at 1458; did not protest the lack of notice or request additional time to prepare; <u>see</u> <u>Dominion Video Satellite, Inc. v. Echostar Satellite Corp.</u>, 269 F.3d 1149, 1153-54 (10th Cir. 2001); or had ample actual notice of the request for preliminary relief.  <u>See</u> <u>Anderson v. Davila</u>, 125 F.3d 148, 156-57 (3d Cir. 1997).

arguments and educate the court about the complex issues involved. See Marshall

Durbin Farms, 446 F.2d at 356 (evidence should not come from only one side of a

controversy); Sims v. Greene, 161 F.2d 87, 88-89 (3d Cir. 1947) ("Trial of an issue

of fact necessitates opportunity to present evidence and not by only one side to the

controversy;" additionally, both sides must be afforded the opportunity to argue the

effect of the evidence to the court.); see also Wright et al. § 2949 at 228-32. Here,

the district court's decision to cancel the November 28 evidentiary hearing in favor

of a telephone hearing deprived the Appellants of any meaningful opportunity to

adequately present their evidence rebutting the Appellees' assertions. Rather, the

district court effectively issued and upheld the injunction based on evidence

presented by only one party. Consequently, we hold that the district court abused

its discretion by issuing and affirming the injunction without holding an

evidentiary hearing.

For the foregoing reasons, we REVERSE the decision of the district court

and VACATE the injunction.

Appellees' suggestion of partial mootness of this appeal, construed as a

motion to dismiss this appeal in part as moot is DENIED.

Appellants' motion to stay the pending appeal and to remand jurisdiction to

the district court for further proceedings is DENIED AS MOOT.

REVERSED and VACATED.