**ROSEMARIE M., Plaintiff,**

v.

John T. **MORTON,** Assistant Secretary, U.S. Immigration and Customs Enforcement (ICE), Michael Rozos, Director for Detention and Removal Operations (DRO), Miami Field Office, ICE, Michael Hornett, Supervisory Detention and Deportation Officer,

Glades County Detention Center, ICE, Stuart Whiddon, Glades County Sheriff, Stacy M. Britt, Health Services Administrator, Armor Correctional Health Services, Inc., Marsha Davenport, Acting Director Division of Immigration Health Services (DIHS), Olga Grajales, Medical Director, DIHS, Defendants.

Case No. 2:09–cv–601–FtM–29DNF.

United States District Court, M.D. Florida, Fort Myers Division.

Nov. 19, 2009.

Tania Galloni, Mary M. Gundrum, Miami, FL, for Plaintiff.

Kyle Scott Cohen, U.S. Attorney's Office, Ft. Myers, FL, Bruce W. Jolly, Purdy, Jolly, Giuffreda & Barranco, PA, Daniel L. Losey, Billing, Cochran, Lyles, Mauro & Ramsey, P.A., Ft. Lauderdale, FL, for Defendants.

## OPINION AND PRELIMINARY INJUNCTION

JOHN E. STEELE, District Judge.

This matter comes before the Court upon Plaintiff's Motion for Preliminary Injunction (Doc. # 2, Motion) filed September 11, 2009. Defendants filed a Response in Opposition to the Motion (Docs.# 27, Response) and Notices of Joinder therein (Docs.# 28, # 32). Plaintiff, with leave of court, filed a Reply to the Response (Doc. # 36, Reply). On October 30, 2009, the parties appeared in person before the undersigned for a hearing on the Motion. On November 12, 2009, Plaintiff filed a Status Report in Support of Motion for Preliminary Injunction (Doc. # 46, Status Report). As by directed by the Court, the Federal Defendants filed a Response to Plaintiff's Status Report (Doc. # 48, Response to Status Report) on November 17, 2009, and Defendants Whiddon and Britt filed a Notice of Joinder therein (Docs.# 49, # 51). Plaintiff, as ordered by the Court, filed a Reply to the Response to the Status Report (Doc. # 53, Reply) on November 19, 2009. The government later filed a Notice of Current Status of Medical Treatment (Doc. # 54).

■ Plaintiff alleges that defendants have been deliberately indifferent to her known serious medical condition. While recognizing that granting a preliminary in-

junction is "an extraordinary and drastic remedy," based upon the record, the Court finds that Plaintiff has satisfied the four prerequisites necessary to warrant the issuance of a preliminary injunction in this matter.[1] *Suntrust Bank v. Houghton Mifflin Co.*, 252 F.3d 1165, 1166, *reh'g and reh'g en banc denied*, 275 F.3d 58 (11th Cir.2001); *see also Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir.2003).

■ Deliberate indifference can include "the delay of treatment for obviously serious conditions where it is apparent that delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is medically unjustified." *Harper v. Lawrence County, Ala.*, 584 F.3d 1030 (11th Cir.2009) (quoting *Taylor v. Adams*, 221 F.3d 1254, 1259–60 (11th Cir.2000)). The evidence before this Court reveals that there is a substantial likelihood of Plaintiff's success on the merits of her claim. There is no doubt but that Plaintiff, who is a Haitian national, suffers from a serious medical condition: uterine fibroid tumor which is causing persistent vaginal bleeding. It appears from the record that Plaintiff was first diagnosed with this condition in early 2008, while in State custody. In June 2008 and August 2008, Plaintiff underwent two different gynecological procedures to treat the tumor. In January 2009, State medical officials recommended that Plaintiff undergo a hysteroscopy/myomectomy (uterine surgery to remove the fibroid) because the previous two procedures failed to alleviate Plaintiff's medical condition. The procedure was authorized and in the process of being scheduled by State officials, when Plaintiff was transferred to the custody of U.S. Immigrations and Customs Enforcement ("ICE") in April 2009.

■ The Court also finds that Plaintiff will suffer irreparable injury if a preliminary injunction is not issued. Since being placed in the custody of ICE, Plaintiff has not received actual "treatment" necessary for her medical condition. While Plaintiff has been seen by a number of physicians[2] and provided with numerous forms of diagnostic testing, she has not received any of the procedures that have been recommended by the physicians as treatment for her condition. Significantly, the treatment modalities recommended to treat Plaintiff's medical condition include: a myomectomy, uterine artery embolization, and, hysterectomy.[3] While Defendants maintain that Plaintiff has refused to consent to the recommended procedures, at worst, the record reflects that Plaintiff was confused as to the content of the various forms she was being asked to sign due to language barriers.[4] The evidence reveals and counsel has represented on behalf of Plaintiff, that Plaintiff has consistently expressed her de-

1. The four factors Plaintiff must establish are: (i) the likelihood that the moving party will ultimately prevail on the merits of the claim; (ii) the irreparable nature of the threatened injury if the injunction is not granted; (iii) the injury outweighs the opposing parties' potential injury if relief is not granted; and (iv) the injunction would not do disservice to the public interest.

2. In addition to various medical personnel at Glades Correctional Institution, Plaintiff has been seen by the following outside physicians: Dr. Barhoush, Dr. Lopez and Dr. Williams.

3. *See* October 20, 2009 Progress Notes, Sherida Williams, M.D., noting that these options had previously been discussed with Plaintiff(Doc. # 46–2).

4. Plaintiff points out that Plaintiff's confusion may be justified. According to the Lakeside Medical Center form dated September 28, 2009, the admitting diagnosis is stated as "TAH–BSO," which stands for "total abdominal hysterectomy" and "bilateral salpingo-oophorectomy."

sire and willingness to undergo certain of the medical procedures.

It is apparent to the Court that an injunction requiring Defendants to authorize and provide Plaintiff with the appropriate medical treatment, as opposed to simply further diagnostic testing and consultations, is necessary to Plaintiff's health. The injury to Plaintiff of not granting the preliminary injunction greatly exceeds any potential injury to defendant, and the granting of a preliminary injunction will be in furtherance of the public interest.

ACCORDINGLY it is hereby

**ORDERED:**

1. Plaintiff's Motion for Preliminary Injunction (Doc. # 2) is **GRANTED** to the extent that Defendants shall, **without further delay,** authorize and schedule a treatment option which was recommended by the outside specialists and physicians who have examined Plaintiff and to which Plaintiff provides the medically-required consent.

2. Plaintiff's counsel shall continue to be permitted to accompany Plaintiff to *all* medical examinations, appointments and procedures.