[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15207
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cv-61815-RNS

NANETTE MERCER,

                                                              Plaintiff-Appellee,

versus

SECHAN REALTY, INC,

                                                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 13, 2014)

Before WILSON, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

Sechan Realty, Inc. (Sechan), appeals the district court's grant of a preliminary injunction enjoining it from evicting Nanette Mercer from one of its rental properties, as well as the court's denial of its motion to enforce the terms of a settlement agreement between the parties. After a thorough review, we conclude that the Anti-Injunction Act precluded the district court from enjoining the state court eviction proceedings, and thus we vacate the order granting the preliminary injunction.[1] But we affirm the denial of Sechan's motion to enforce the terms of a prior settlement agreement between the parties.

## I.

In 2013, Mercer filed a complaint in district court alleging claims against Sechan under the Fair Housing Act (FHA), 42 U.S.C. § 3601 *et seq*. By way of background, Sechan originally filed a complaint for eviction in state court based upon Mercer's status as a holdover tenant. Mercer filed a counterclaim setting forth claims under the Florida FHA, Fla. Stat. § 760.20 *et seq*.[2] Specifically, Mercer asserted that Sechan had improperly attempted to evict her after Mercer requested to keep her emotional-support dog in her residence as a reasonable

---

[1] Because we conclude that the Anti-Injunction Act precluded the district court from considering Mercer's injunction request, we do not consider Sechan's alternate arguments that the district court improperly granted Mercer injunctive relief based on the *Rooker-Feldman* doctrine, the abstention doctrine, and/or res judicata.

[2] "The Florida Fair Housing Act contains statutory provisions that are substantively identical to the federal Fair Housing Act, and the facts and circumstances that comprise the federal and state fair housing claims are the same." *Loren v. Sasser*, 309 F.3d 1296, 1299 n.9 (11th Cir. 2002).

accommodation for her disability.  The parties subsequently entered into a settlement agreement, whereby Sechan agreed to allow Mercer to occupy the rental property for an additional year.   In return, Mercer dismissed with prejudice her discrimination claims against Sechan.

When Mercer failed to vacate the rental property upon the expiration of the renewed lease, Sechan again moved to evict Mercer.  Mercer, in turn, refiled in state court her counterclaims under the Florida FHA.  After a hearing, the state court entered a default judgment for eviction, pursuant to Fla. Stat. § 83.60(2), due to Mercer's failure to deposit rent into the state court registry or to file a motion to determine the amount of rent to be paid into the registry.

The following day, Mercer filed a complaint in district court listing claims under the FHA.  She also attached an emergency motion for a temporary restraining order (TRO) and/or preliminary injunction, seeking to enjoin Sechan from evicting her pending the resolution of her FHA claims.  The district court initially granted the motion, then, following a hearing, vacated its order and asked the parties for supplemental briefing.

Back in state court, Mercer appealed the default judgment of eviction and simultaneously filed a motion for a stay pending her appeal.  Sechan moved to dismiss Mercer's counterclaims under the Florida FHA for failure to exhaust

administrative remedies.  The state court dismissed Mercer's counterclaims without prejudice, and also granted Mercer's motion for a stay.

Following the dismissal of Mercer's counterclaims in state court, the district court reinstated the TRO[3] based on its assessment that the "requirement that a plaintiff exhaust her administrative remedies before she may proceed on a Fair Housing claim . . . appears inconsistent with federal law."  Mercer filed a copy of the injunction in state court.  Sechan moved in federal court to vacate the preliminary injunction, and also filed a motion to enforce the terms of the settlement agreement.  The district court denied both motions.  This is Sechan's appeal.

## II.

"[We] review[] a district court's order granting or denying a preliminary injunction for abuse of discretion."  *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1209 (11th Cir. 2003).

Sechan argues that the district court was barred from granting Mercer's request for an injunction by the Anti-Injunction Act, 28 U.S.C. § 2283.  At the time the district court granted Mercer's request for a preliminary injunction enjoining the eviction order, the state court proceedings, including Mercer's appeal,

---

[3] Although styled as a TRO, the district court's order was actually a preliminary injunction from which an immediate appeal can be taken.  *See Haitian Refugee Ctr., Inc. v. Baker*, 950 F.2d 685, 686 (11th Cir. 1991) ("Although a temporary restraining order is not ordinarily appealable, where the order has the effect of a preliminary injunction this court has jurisdiction to review the order and is not bound by the district court's designation of the order.").

remained pending.  Mercer responds that because her counterclaims were dismissed for failure to exhaust administrative remedies, absent injunctive relief, her rights under the FHA cannot be "meaningfully protected" in state court.

### III.

The Anti-Injunction Act prohibits a federal court from "grant[ing] an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  If one of the three specific exceptions contained in the Anti-Injunction Act permits an injunction, the All Writs Act grants a federal court the power to issue it.  *Burr & Forman v. Blair*, 470 F.3d 1019, 1027-28 (11th Cir. 2006).

"[I]n assessing the propriety of an injunction entered to stop a state court proceeding, the sole relevant inquiry is whether the injunction qualifies for one of the exceptions to the Anti-Injunction Act."  *Id.* at 1028.  Here, the district court never indicated which of the three exceptions to the Anti-Injunction Act, if any, it was relying on when it granted Mercer's request for a preliminary injunction enjoining the state court eviction proceedings.  The third exception is clearly inapplicable because the district court never issued any judgment in connection with the eviction.  Thus, we turn to the remaining two exceptions.

5

In *Mitchum v. Foster*, 407 U.S. 225 (1972), the Supreme Court prescribed a two-part analysis for determining whether a federal statute comes within the Anti–Injunction Act's "expressly authorized" exception: (1) the statute "must have created a specific and uniquely federal right or remedy, enforceable in a federal court of equity," and (2) the federal right or remedy must be such that it can be "given its intended scope only by the stay of a state court proceeding." *Id.* at 237-38. We need only consider the first prong of the *Mitchum* test because the FHA is expressly enforceable in both state and federal courts. *See* 42 U.S.C. § 3613(a)(1)(A) (highlighting that a plaintiff "may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . . .").

Mercer highlights that she was not allowed to fairly present her Florida FHA claims in state court because her counterclaims were dismissed for failure to exhaust administrative remedies. She maintains that even if she sought administrative review, she risked being displaced from her home before her claims could be heard in state court. Mercer, however, fails to acknowledge that the state court granted her a stay pending her appeal of the default judgment of eviction. Thus, she retained an avenue to challenge the eviction order in state court. [4]

---

[4] Notably, approximately a month after the district court granted Mercer's request for a preliminary injunction, she moved to voluntarily dismiss her appeal of the state court's final judgment for eviction.

Moreover, Mercer could have, but elected not to, appeal the dismissal of her Florida FHA claims for failure to exhaust administrative remedies as inconsistent with federal law. As such, we conclude that the "expressly authorized" exception to the Anti-Injunction Act did not apply here.

Lastly, federal courts may enjoin state court proceedings based on the "necessary in aid of its jurisdiction" exception in only two situations, where: "(1) the district court has exclusive jurisdiction over the action because it had been removed from state court; or, (2) the state court entertains an *in rem* action involving a res over which the district court has been exercising jurisdiction in an *in rem* action." *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1250-51 (11th Cir. 2006).

There was no "removal," in the required sense, of this case from state court to federal court, so the first situation does not exist. The question is whether the second one does. We conclude that it does not. Here, the state court acquired *in rem* jurisdiction over the property at issue first. *See id.* (providing that where *in rem* "jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same *res* to defeat or impair the state court's jurisdiction").

Because we conclude that none of the three exceptions to the Anti-Injunction Act applies, the district court abused its discretion by enjoining the state court's

default eviction judgment.  Accordingly, we vacate and remand the district court's order awarding Mercer a preliminary injunction.

IV.

Finally, we briefly note that the district court properly denied Sechan's motion to enforce the terms of the settlement agreement because that agreement resolved a prior dispute between the parties, and does not pertain to the current eviction proceedings, which arose after the execution of the settlement agreement.

**VACATED AND REMANDED IN PART; AFFIRMED IN PART.**