[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14889
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cv-00635-TJC-JRK


CLINTON LEE POWERS,

                                        Plaintiff - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ALEX TAYLOR,
Individual and Official Capacity,
JOHN PALMER,
Individual and Official Capacity,
JAMES EDWARDS,
Individual and Official Capacity,
C. WYNN,
Individual and Official Capacity,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 31, 2017)

Before TJOFLAT, WILLIAM PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

Clinton Lee Powers, a Florida prisoner proceeding *pro se*, filed this interlocutory appeal from the district court's order denying his second motion for a preliminary injunction. Mr. Powers, a Messianic Jew, alleged that his right to freely exercise his religion was substantially burdened, in violation of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, by the refusal of prison officials to provide him with pre-prepared meals to eat on Shabbat. Mr. Powers alleged that it is a violation of his religious beliefs to prepare food or eat food that had been prepared by others on Shabbat, and requested a preliminary injunction directing prison officials to provide his Shabbat meals in advance.

We review the denial of a preliminary injunction for an abuse of discretion. *See Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1517 (11th Cir. 1994). Our "review of such a decision is justifiably limited because the grant or denial of a preliminary injunction is almost always based on an abbreviated set of facts, requiring a delicate balancing of the probabilities of ultimate success with the consequences of immediate irreparable injury which could possibly flow from the denial of preliminary relief." *Id.* (internal quotation marks and alternations omitted). We therefore "may reverse the district court's order only if there was a

2

*clear* abuse of discretion." *Siegel v. LePore*, 234 F.3d 1163, 1175 (11th Cir. 2000) (en banc) (emphasis in original).

In determining whether to grant or deny a preliminary injunction, the district court must consider whether the moving party has demonstrated (1) a substantial likelihood of success on the merits; (2) that the order is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm that the order would cause to the non-movant; and (4) that the order would not be adverse to the public interest. *See Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). A preliminary injunction is the "exception rather than the rule" and is "an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to each of the four prerequisites." *Id.* (internal quotation marks and citation omitted).

"The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Ne. Florida Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1284 (11th Cir. 1990). "Mandatory preliminary relief, which goes well beyond simply maintaining the status quo[,] is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976).

3

The district court denied Mr. Powers' second motion for preliminary injunction, concluding that Mr. Powers had not met his burden of persuasion as to the four prerequisites for injunctive relief. Mr. Powers subsequently moved for clarification of that order. The district court granted the motion in part to provide clarification, explaining that Mr. Powers had been incarcerated since at least 1995 and—citing a prior civil case filed by Mr. Powers in 2012—that he had been a "practicing Messianic Jewish Inmate" since at least 2012, but did not seek intervention regarding his Saturday meals until December of 2015. The district court concluded that the claim of irreparable injury was undermined by Mr. Powers' delay in seeking relief.

Mr. Powers argues on appeal that, although he has identified himself as a Messianic Jewish inmate since approximately 2012, his knowledge of the tenets of his belief system are evolving, and that the district court should not have dissected his religious beliefs. He failed, however, to assert such a statement as to his evolving religious understanding and beliefs in either of the verified complaints or motions for preliminary injunction that he filed with the district court.

We certainly agree that it is not a court's role to question the viability of a litigant's religious beliefs or his adherence to the dictates of his faith. *See Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1294–96 (11th Cir. 2007). Given our limited review and the heavy burden placed upon Mr. Powers to demonstrate irreparable

4

harm, however, we cannot conclude that the district court clearly abused its discretion in denying the extraordinary remedy of mandatory injunctive relief. Specifically, the district court did not clearly abuse its discretion in determining that Mr. Powers' apparent (i.e., unexplained) delay in seeking relief undercut the claim of imminent irreparable injury. Mr. Powers could have explained why he faced harm in 2015, but not before, yet he did not. *See Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016) ("A delay in seeking a preliminary injunction of even only a few months—though not necessarily fatal—militates against a finding of irreparable harm.").

**AFFIRMED**.