[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13481
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cv-00228-UA-MRM


FEDERAL TRADE COMMISSION,
STATE OF FLORIDA,

                                        Plaintiffs - Appellees,

versus

VYLAH TEC LLC,
a limited liability company,
d.b.a. VTEC Support,
EXPRESS TECH HELP LLC,
a limited liability company, et al.,

                                        Defendants - Appellants.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 8, 2018)

Before WILSON, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

The Federal Trade Commission and the State of Florida (collectively, Appellees) sued Vylah Tec LLC (Vtec), Express Tech Help LLC (Express Tech), Tech Crew Support LLC (Tech Crew), Angelo Cupo, Robert Cupo, and Dennis Cupo (collectively, Appellants), alleging violations of the Federal Trade Commission Act (FTCA), 15 U.S.C. §§ 41–58, and the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. §§ 501.201–501.213.  On appeal, Appellants challenge the district court's imposition of a preliminary injunction. After review,[1] we vacate the preliminary injunction to the extent it froze Dennis's assets and assets held jointly by Robert and his wife, Olga Cupo, remand for further findings of fact and conclusions of law as to those issues, and affirm as to the remainder.

## I.  BACKGROUND

Vtec, Express Tech, and Tech Crew are small businesses that provide technical support and sell computer antivirus software.  Angelo is the chief executive officer of Vtec and a manager of Tech Crew.  Robert is a manager of Vtec, an owner, manager, director, and officer of Tech Crew, and a member of

---

[1] We review for abuse of discretion the district court's grant of a preliminary injunction. *Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc.*, 304 F.3d 1167, 1171 (11th Cir. 2002). We will not disturb the district court's factual findings unless they are clearly erroneous.  *Id.*

2

Express Tech.  Dennis was listed as a manager of Express Tech when it was first organized, and he previously assisted with general operations for a technical support business started by Robert and Angelo.

In 2017, Appellees filed a complaint alleging Appellants had deceptively marketed and sold technical support services and software to consumers, in violation of the FTCA and FDUTPA.  Appellees also filed an *ex parte* motion for a temporary restraining order (TRO).  The district court granted Appellees' motion and entered a TRO freezing Appellants' assets and assets held for their benefit.

About one month later, the district court granted a preliminary injunction.  In its order, the court noted the issue of whether Appellees had made the requisite showing to obtain an injunction was not before it, as the parties had effectively stipulated to an injunction.  The court issued a preliminary injunction that, among other things, continued the freeze of most of Appellants' assets and assets held for their benefit.  This appeal followed.[2]

## II.  DISCUSSION

As a preliminary matter, Appellants assert the motion for a TRO should have been denied, citing alleged deficiencies in Appellees' evidence.  Appellants appear to raise this argument as a reason why the preliminary injunction should be vacated

---

[2] We have jurisdiction over this appeal.  *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1310 n.7 (11th Cir. 1998).

3

in its entirety, rather than as a challenge to the issuance of the TRO.  We address Appellants' challenge to the preliminary injunction below.  To the extent Appellants intend to challenge the TRO itself, that order is not appealable. *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982) ("[A]s a general rule a temporary restraining order is not appealable.").

Appellants contend vacatur of the entire preliminary injunction is warranted because Appellees did not meet their burden of proof and the district court failed to analyze whether Appellees made the requisite showing.  Appellants waived this argument by effectively stipulating to the imposition of a preliminary injunction. In the district court, Appellants stated they were "agreeable" to an injunction, that they did not "overtly object[ ]" to an injunction, and that they were not arguing no injunction should issue.  In fact, Appellants asked—twice—that the district court grant an injunction.  By requesting terms different from those the district court actually imposed, Appellants preserved a challenge to the scope of the injunction. But Appellants cannot, having asked the district court for an injunction, assert on appeal that the district court erred by imposing one.[3]  *See SEC v. Smyth*, 420 F.3d

---

[3] This case is distinguishable from *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205 (11th Cir. 2003).  In *Four Seasons*, the defendants told the district court that if the court chose to prohibit them from "attempting to or gaining unauthorized access to the plaintiff's network, frankly, [they] would have no problem with that because [they were] not doing it . . . ." *Id.* at 1209 n.2 (quotation omitted).  We determined the defendants had not waived their challenge to the subsequently imposed injunction because their statements "constitute[d] substantive denials of wrongdoing, rather than acquiescence to the injunction." *Id.* Here, by contrast, Appellants asked the district court to impose an injunction.  It is one thing to

1225, 1233 n.14 (11th Cir. 2005) (noting a defendant could not challenge the provisions of an injunction because he waived his right to appeal the injunction's terms).

Next, Appellants assert the district court failed to hold an evidentiary hearing and, therefore, lacked a sufficient basis upon which to make factual findings. This argument is belied by the record. On May 30, 2017, the district court conducted a hearing during which both parties had the opportunity to present arguments and educate the court regarding the complex issues involved in the case. *See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1212 (11th Cir. 2003) (requiring such a hearing "where . . . the material facts underlying the complaint and the injunction are disputed"). Appellants had ample opportunity to present evidence before, during, and after the hearing. Indeed, Appellants electronically filed 184 pages of exhibits between May 21, 2017, and June 1, 2017, and they submitted additional evidence at the hearing. In its order, entered June 4, 2017, the district court indicated it had reviewed and considered all of the evidence and the parties' subsequent filings. Thus, Appellants' assertion that the district court failed to hold an evidentiary hearing is baseless. To the extent Appellants contend the district court should have required Appellees to

---

indicate you have "no problem with" an injunction prohibiting you from engaging in activity you deny doing. It is another to repeatedly request such an injunction.

present live testimony, they have not provided, nor have we found, any binding authority to that effect.[4]

Finally, Appellants challenge several elements of the asset freeze included in the injunction. Appellants first contend the district court erred by freezing an account belonging to Dennis's employer, who is not a party in this case, as Appellees did not establish any nexus between the alleged consumer harm and the employer's accounts or operations. Likewise, Appellants challenge the freeze on Dennis's assets, alleging he is entirely uninvolved in the companies' business, and that Appellees did not meet their burden to show a connection between Dennis's assets and the alleged harm to consumers. Appellants also assert the freeze on assets held jointly by Robert and Olga, a non-party to the case, is improper because it is punitive as to Olga.

Appellants waived their challenge to the freeze on the employer's account. Before the district court, Appellants stated they were agreeable to a preliminary injunction that provided the necessary funds to account for Robert's, Angelo's, and Dennis's personal expenses, among other things. At the preliminary injunction hearing, Appellants noted that their proposed injunction released $100,000 to restart operations and provide for their personal expenses. Appellants contended it

---

[4] Notably, the district court stated four weeks prior to the hearing that live testimony would be heard "only on further order of this [c]ourt or on motion filed with the [c]ourt . . . ." Appellants did not move for leave to question Appellees' witnesses at the hearing, nor did they assert Appellees should be required to present live testimony.

would be inequitable to force Robert, Angelo, and Dennis into bankruptcy due to the asset freeze, and they particularly urged the court to unfreeze Dennis's assets. Because Appellants failed to assert before the district court that Dennis's employer's account should be unfrozen, we decline to consider this argument on appeal. *See Ramirez v. Sec'y, U.S. Dep't of Transp.*, 686 F.3d 1239, 1249 (11th Cir. 2012) ("[W]e will generally refuse to consider arguments raised for the first time on appeal.").

Appellants did, however, preserve their challenges to the freezes on Dennis's assets and Olga's and Robert's jointly held assets. The district court did not make sufficient factual findings to support freezing these assets. While the court stated in the TRO that Appellees had "sufficiently shown that . . . Dennis . . . [has] engaged in and [is] likely to engage in acts and practices that violate [the FTCA and FDUTPA]," the court did not find that Dennis gained anything from the allegedly unlawful practices. *See SEC v. Contorinis*, 743 F.3d 296, 301 (11th Cir. 2014) ("Because disgorgement does not serve a punitive function, the disgorgement amount [in a securities law violation proceeding] may not exceed the amount obtained through the wrongdoing."); *SEC v. ETS Payphones, Inc.*, 408 F.3d 727, 734 (11th Cir. 2005) (noting an asset freeze may be "justified as a means of preserving funds for . . . disgorg[e]ment"). Similarly, the district court made no findings as to Olga's involvement, if any, in the alleged scheme, nor did it explain

7

why assets she holds jointly with Robert are subject to a freeze regardless of whether she was involved. *See ETS Payphones*, 408 F.3d at 735 (stating that the funds subject to a freeze must be "a reasonable approximation of a defendant's ill-gotten gains" (quotation omitted)). Such factual findings were needed to justify including the freezes on Dennis's assets and the jointly held assets within the scope of the injunction. Given the dearth of factual findings on these issues, we vacate the order granting the preliminary injunction to the extent it froze Dennis's assets and assets held jointly by Robert and Olga.[5] *See Doe v. Dekalb Cty. Sch. Dist.*, 145 F.3d 1441, 1446 (11th Cir. 1998) (vacating an injunction because the district court's factual findings were incomplete and its reasoning was unclear).

## III.  CONCLUSION

In light of the foregoing, the district court's order granting a preliminary injunction is VACATED to the extent it froze Dennis's assets and assets held jointly by Robert and Olga, the case is REMANDED to the district court for further factual findings and conclusions of law regarding these freezes, and the remainder of the the district court's order is AFFIRMED.

**AFFIRMED IN PART, VACATED IN PART and REMANDED.**

---

[5] In their reply brief, Appellants state their intention to challenge the asset freeze in its entirety on appeal. We do not consider whether the district court properly froze any assets other than those discussed above because Appellants failed to raise on appeal any specific arguments regarding the freeze of other assets. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).