22-1776-cv
*Mercedes v. City of New York, et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand twenty-three.

PRESENT:  JOSÉ A. CABRANES,
              GERARD E. LYNCH,
              MYRNA PÉREZ,
                   *Circuit Judges.*

_____

**Jonathan Mercedes,**

              *Plaintiff-Appellant*,

          v.                                          No. 22-1776-cv

**City of New York, Police Officer Richard Evans Shield No. 25177, John Does, Richard Roes, Police Officer Anthony Amirally, Police Officer Kevin Treacy, Police Officer Christopher Boland,**

              *Defendants-Appellees.*[*]

_____

**FOR PLAINTIFF-APPELLANT:**               JEFFREY A. ROTHMAN, New York, NY

---

  [*] The Clerk is respectfully directed to update the caption to conform to the above.

**FOR DEFENDANTS-APPELLEES:**          CHLOE MOON, Assistant Corporation Counsel (Richard P. Dearing, Jane L. Gordon, and Jeremy Pepper, of Counsel, *on the brief*), *for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART**, and the case is **REMANDED** for further proceedings consistent with this order.

Plaintiff-Appellant Jonathan Mercedes appeals from an order of the United States District Court for the Southern District of New York entered on October 4, 2019, denying his Motion for Partial Summary Judgment and granting partial summary judgment for Defendants-Appellees the City of New York ("City") and Police Officers Richard Evans, John Does, Richard Roes, Anthony Amirally, Kevin Treacy, and Christopher Boland (collectively, "Defendant Officers") on his claims of unlawful seizure, false arrest, excessive force, and failure to intervene under 42 U.S.C. § 1983 and New York state law, stemming from events that occurred in June 2016.[1] Mercedes argues that the district court erred in its summary judgment rulings, and in declining to find that Defendants spoliated various materials. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1] The district court did not grant summary judgment on the excessive force claim for tight handcuffing against the Defendant Officers. The parties settled the remaining claims, and the district court entered final judgment on July 22, 2022. Mercedes filed a timely Notice of Appeal on August 15, 2022.

## I.     Standard of Review

"We review de novo a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor." *Covington Specialty Ins. Co. v. Indian Lookout Country Club, Inc.*, 62 F.4th 748, 752 (2d Cir. 2023) (internal quotation marks and citations omitted). "Summary judgment is required if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (internal quotation marks and citations omitted).

## II.     Unlawful Seizure and False Arrest

Mercedes first argues that the district court erred by granting summary judgment for the Defendant Officers on his unlawful seizure and false arrest claims. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures." U.S. Const. amend. IV. This protection "adheres whether the seizure is for purposes of law enforcement or due to an individual's mental illness." *Myers v. Patterson*, 819 F.3d 625, 632 (2d Cir. 2016). Probable cause to arrest "exists when the arresting officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (internal quotation marks and citation omitted). To handcuff and detain a person for mental-health reasons, an officer must have "probable cause to believe that the person presented a risk of harm to himself or others." *Kerman v. City of New York*, 261 F.3d 229, 237 (2d Cir. 2001) (citation omitted).

3

Even if there was no probable cause, "an arresting officer is entitled to qualified immunity so long as arguable probable cause was present when the arrest was made." *Figueroa v. Mazza*, 825 F.3d 89, 100 (2d Cir. 2016) (internal quotation marks and citation omitted). Arguable probable cause exists if "either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Id.* (internal quotation marks and citation omitted). In other words, qualified immunity will protect an arresting officer unless "no reasonably competent officer could have concluded, based on the facts known at the time of arrest, that probable cause existed." *Id.* (internal quotation marks and citation omitted).

The district court concluded that the Defendant Officers had arguable probable cause to arrest Mercedes under New York Mental Hygiene Law ("NY MHL") § 9.41. We do not reach that issue, as we conclude that there was arguable probable cause to arrest under New York Penal Law ("NYPL") § 240.26(1).[2] The Defendant Officers arrived at Mercedes's address in response to a radio dispatch reporting that there was an emotionally disturbed male at that address who had a psychiatric history, was off his medication, and could become violent. After arriving at Mercedes's address, the officers stopped him as he attempted to leave the building because, according to Mercedes, they recognized him from an earlier encounter. The officers had

---

[2] Although we recently held that "[p]robable cause to arrest for a criminal violation . . . is not a sufficient basis to arrest an individual for an emergency mental health evaluation," it was "not clearly established" at the time of Mercedes's arrest "that where police officers had probable cause to arrest a person for a criminal offense, they had to make a separate probable cause determination to arrest the person for an emergency psychiatric evaluation." *Guan v. City of New York*, 37 F.4th 797, 807-09 (2d Cir. 2022). Accordingly, the arresting officers were entitled to qualified immunity if they had probable cause to arrest Mercedes for a criminal violation, without an independent probable cause assessment under NY MHL § 9.41.

4

a reasonable suspicion that Mercedes was the troubled individual mentioned in the report; they were thus justified in stopping him to inquire further.

Mercedes did not submit to the stop, but instead tried to get past the officers by pushing down on Officer Evans's arms. In response, Officer Evans forcibly handcuffed him. No matter how "delicately" Mercedes contends he pushed, he nonetheless pushed down on Officer Evans's arms, and at that point, the Defendant Officers had at least arguable probable cause to arrest him for harassment in the second degree. *See* NYPL § 240.26(1) ("A person is guilty of harassment in the second degree when, with intent to . . . alarm another person," he "subjects such other person to physical contact"); *People v. Bartkow*, 96 N.Y.2d 770, 772 (2001) ("The crux of section 240.26 (1) is the element of physical contact: actual, attempted, or threatened."). In light of the surrounding circumstances, including the information reported on the dispatch and Mercedes initiating physical contact with Officer Evans (a battery that Mercedes does not argue was accidental), the on-scene Defendant Officers could infer intent to alarm. *See People v. Caulkins*, 919 N.Y.S.2d 597, 599 (3d Dep't 2011) ("[I]ntent can be inferred from the act itself or from the defendant's conduct and the surrounding circumstances.").[3] Accordingly, we affirm the district court's grant of summary judgment on the unlawful seizure and false arrest claims.

III. **Excessive Force**

Next, Mercedes argues that the district court erred in granting Defendants summary judgment on his excessive force claim. Claims that law enforcement officers used excessive force "in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen" are

---

[3] We therefore do not reach whether the Defendant Officers had arguable probable cause under NY MHL § 9.41.

"analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989). In analyzing excessive force claims, courts ask "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them." *Lombardo v. City of St. Louis*, 141 S. Ct. 2239, 2241 (2021) (internal quotation marks omitted), quoting *Graham*, 490 U.S. at 397. Specifically, the excessive force inquiry "requires careful attention to the . . . severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Amnesty America v. Town of West Hartford*, 361 F.3d 113, 123 (2d Cir. 2004) (internal quotation marks omitted), quoting *Graham*, 490 U.S. at 396. "[I]n light of the fact-specific nature of . . . an excessive force claim," "granting summary judgment against a plaintiff on [such a claim] is not appropriate unless no reasonable factfinder could conclude that the officers' conduct was objectively unreasonable." *Rogoz v. City of Hartford*, 796 F.3d 236, 246 (2d Cir. 2015) (alteration in original) (internal quotation marks and citation omitted).

To be accorded qualified immunity, the Defendant Officers must show that their conduct "d[id] not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (internal quotation marks and citation omitted). For a right to be "clearly established," there does not need to be a "case directly on point," but there must be existing precedent that "place[s] the statutory or constitutional question beyond debate." *Id.* (internal quotation marks and citation omitted). Since years before the incident at issue here, there has been a "well established" principle that the "use of entirely gratuitous force is unreasonable and therefore excessive." *Tracy v. Freshwater*, 623 F.3d 90, 99 n.5 (2d Cir. 2010) (citation omitted) (noting that "no reasonable officer could have

believed that he was entitled to use pepper spray gratuitously against a restrained and unresisting arrestee"); *see also Lennox v. Miller*, 968 F.3d 150, 156-57 (2d Cir. 2020) (denying qualified immunity because a jury could find that an officer used significant force in taking down an arrestee, kneeling on top of her with his full body weight, and slamming her head into the ground all while the arrestee was not resisting).

The district court held that no reasonable factfinder could conclude that Officer Evans's takedown of Mercedes constituted excessive force. We disagree. Mercedes's mother Lisette Wigintton witnessed her son's takedown and described that the arresting officers "slammed [Mercedes] on the floor" and then the "big officer" (whom Mercedes identified as Officer Evans), stepped on his stomach. Joint Appendix 492-93. Wigintton then told Officer Evans that Mercedes has liver problems and a hernia, and in response, Officer Evans allegedly "picked up his foot and stomped his foot harder." *Id.* at 493. The parties dispute when exactly Mercedes stopped resisting and whether Officer Evans stomped on Mercedes at all. However, drawing all reasonable inferences in Mercedes's favor, we conclude that a reasonable jury could determine that Officer Evans exerted gratuitous and significant force in his second stomp if Mercedes was no longer actively resisting. *See Jones v. Treubig*, 963 F.3d 214, 230 (2d Cir. 2020) (explaining that when an arrestee was no longer actively resisting, "no reasonable officer could believe that the use of the taser a *second* time . . . was lawful." (emphasis added)). Accordingly, we vacate and remand for further proceedings on the excessive force claim as to Officer Evans.[4]

_____

[4] Because "[t]he elements of New York assault and battery and Section 1983 excessive force claims are substantially identical," and we apply a reasonableness standard to both, *see Tardif v. City of New York*, 991 F.3d 394, 410 (2d Cir. 2021) (internal quotation marks and citations omitted), we vacate and remand on the state-law assault and battery claims as well.

## IV. Failure to Intervene

Finally, Mercedes argues that Officers Amirally, Treacy, and Boland failed to intervene in the alleged constitutional violations. "In order for a law enforcement officer to be held liable for another officer's use of excessive force, there must have been a realistic opportunity [for the former] to intervene to prevent the harm from occurring." *Rogoz*, 796 F.3d at 251 (alteration in original) (internal quotation marks and citations omitted). Based on his own recollection of the underlying events, Mercedes was on the ground when he believed Officer Evans jumped on him, but that he jumped off right away, suggesting that the alleged excessive force happened quickly. Mercedes has not proffered any evidence from which a juror could reasonably infer that Officers Amirally, Treacy, and Boland observed Officer Evans stomp on Mercedes or had a realistic opportunity to prevent his actions. Thus, we affirm the district court on this issue.

\* \* \*

We have considered all of Mercedes's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **VACATED** to the extent it dismissed Mercedes's excessive force and assault and battery claims; in all other respects the judgment is **AFFIRMED**. The matter is remanded for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8